10-3519-ag
Pan v. US DOJ

BIA
Weisel, IJ
A089 253 745

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25ᵗʰ day of April, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges.*

_____

ZI BIN PAN,
> *Petitioner,*

> v.                                              10-3519-ag
>                                                 NAC

UNITED STATES DEPARTMENT OF JUSTICE,
ATTORNEY GENERAL, IMMIGRATION &
NATURALIZATION SERVICE,
> *Respondents.*

_____

FOR PETITIONER:           Cora J. Chang, New York, New York.

FOR RESPONDENTS:          Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Zi Bin Pan, a native and citizen of the People's Republic of China, seeks review of an August 24, 2010, order of the BIA, affirming the July 16, 2008, decision of Immigration Judge ("IJ") Robert Weisel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zibin Pan*, No. A089 253 745 (B.I.A. Aug. 24, 2010), *aff'g* No. A089 253 745 (Immig. Ct. N.Y. City July 16, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

After concluding that Pan suffered minor injuries during his brief detention based on his "other resistance" to China's family planning policy, the IJ determined that Pan failed to

-2-

establish past persecution because "[p]ersecution . . . requires a showing that the injury is severe and long-lasting. Neither [Pan's] detention nor the injuries allegedly suffered by [him] in the Court's view are so severe and so long-lasting that they amount to injuries that could be fairly described that resulted in the [his] persecution." However, only grants of "humanitarian asylum" under 8 C.F.R. § 1208.13(b)(1)(iii)(A) require the applicant to demonstrate "long-lasting physical or mental effects of his persecution." *Jalloh v. Gonzales*, 498 F.3d 148, 152 (2d Cir. 2007). Persecution in the context of an asylum application under 8 U.S.C. § 1158, in contrast, may be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse. *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006). We have noted that "a minor beating or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.* at 226 (quotation omitted).

In requiring Pan to demonstrate severe and long-lasting injuries in order to establish past persecution, the IJ

improperly applied the heightened standard applicable to claims for humanitarian asylum. Where, as here, we "cannot determine whether the IJ correctly assessed [Pan's] claim of past persecution . . . remand [is necessary] since we cannot predict with confidence that, applying the correct legal standards, the agency would again deny relief." *Id.* at 227 (citing *Rafiq v. Gonzales*, 458 F.3d 36, 38-39 (2d Cir. 2006) (per curiam)).

The BIA appears to have noted the IJ's error in citing the standard for humanitarian asylum, and attempted to cure it by explaining that "the [IJ] concluded that [Pan] did not show that any injury occurred in this case, [and therefore, he] did not meet any of the applicable standards for establishing past persecution." However, this statement is not supported by the record, as the IJ specifically found that Pan suffered "injuries [that] were minor." Moreover, to the extent that the BIA attempts to make an independent factual determination that Pan did not suffer any injury, it is barred from doing so. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296 (2d Cir. 2006) (noting that "the BIA may only review the IJ's factual findings to determine whether they are clearly erroneous, and may not engage in fact-finding") (citing 8 C.F.R. §§ 1003.1(d)(3)(i), (iv)).

-4-

In addition, the BIA's decision is flawed because it was predicated on the mistaken belief that "in the instant case [Pan] was not detained." Contrary to the BIA's statement, the IJ specifically concluded that Pan was subjected to "detention [that] was brief." Therefore, because the BIA did not consider Pan's testimony that he was detained, "its decision is fatally flawed and we are unable adequately to consider whether substantial evidence supports the BIA's determination that [Pan] failed to establish either past persecution or a well-founded fear of future persecution." *Tian-Yong Chen v. U.S. I.N.S.*, 359 F.3d 121, 128 (2d Cir. 2004).

Lastly, the agency's finding that Pan failed to establish a well-founded fear of future persecution does not obviate the need to remand. An applicant who has demonstrated past persecution is entitled to a presumption of the likelihood of future persecution, thereby shifting the burden of proof to the government to rebut the presumption. *See* 8 C.F.R. § 1208.16(b)(1)(i); *Makadji v. Gonzales*, 470 F.3d 450, 458 (2d Cir. 2006). Thus, because the agency failed to properly consider Pan's claim of past persecution, his failure to demonstrate a well-founded fear of future persecution does not preclude remand. *See Beskovic*, 467 F.3d at 227 ("Whether or not [the applicant] is entitled to a presumption of future

persecution requires a determination, based on the correct legal standard, of whether he suffered past persecution.")

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-6-